IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ALAMO INTERMEDIATE II HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BIRMINGHAM ALAMO MOVIES, LLC AND ORCHESTRA PARTNERS DEVELOPMENT, LLC,<br><br>Defendants. | Case No. 5:23-cv-1531 |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Alamo Intermediate II Holdings, LLC ("Alamo"), by and through its undersigned attorneys, and hereby submits this Complaint against Defendants Birmingham Alamo Movies, LLC ("BAM") and Orchestra Partners Development, LLC ("Orchestra," and together with BAM, "Defendants"), showing the Court as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff Alamo is the owner and operator of Alamo Drafthouse Cinema locations throughout the United States. Alamo Drafthouse Cinemas are a chain of premier movie theaters, founded in Austin, Texas, that provide a full-service food and drink menu for customers to enjoy while watching a variety of movies, including the latest releases. Alamo also owns the "Alamo Drafthouse" and "Alamo Drafthouse Cinema" trademarks, and other related service marks, trade names, logos, emblems and indicia of origin. In addition, Alamo owns the business system for operating Alamo Drafthouse Cinemas. Alamo offers franchises to third-party franchisees for the development and operation of Alamo Cinema Drafthouse locations. Alamo currently has over

thirty locations around the country—many of which are franchised locations that are owned and operated by franchisees.

2. On or about December 31, 2021, Alamo entered into a franchise agreement with BAM, a single-purpose entity owned and operated by Orchestra. Pursuant to the terms of their agreement, BAM, as franchisee, agreed to open and operate an Alamo Drafthouse Cinema in Birmingham, Alabama as part of the Powell Steam Plant development that Orchestra was responsible for developing.

3. This case arises out of Orchestra's and BAM's breaches of the franchise agreement and accompanying corporate guaranty resulting from their loss of possession of the premises and subsequent failure to open the Alamo Drafthouse Cinema in Birmingham as required by the agreements.

4. Specifically, the franchise agreement required BAM to open the Birmingham location of Alamo Drafthouse Cinemas at the Powell Steam Plant development within 300 days of taking possession of the premises. However, the landlord terminated BAM's lease for the premises of the franchised location, which, upon information and belief, was a result of Orchestra's conduct related to the Powell Steam Plant development. Defendants therefore breached their obligations under the franchise agreement and corporate guaranty to open and operate the inaugural Alamo Drafthouse location in Birmingham, causing Alamo to suffer reputational damage and lost profits, amongst other damages.

**PARTIES, JURISDICTION, AND VENUE**

5. Alamo Intermediate II Holdings, LLC is a Delaware limited liability company with its principal place of business located in Austin, Texas.

6. Defendant Birmingham Alamo Movies, LLC is an Alabama limited liability company with its principal place of business in Birmingham, Alabama. It may be served with

process through its registered agent, Orchestra Partners Development, LLC at 1820 3rd Avenue North, Suite 301, Birmingham, Alabama 35203.

7. Defendant Orchestra Partners Development, LLC is an Alabama limited liability company with its principal place of business in Birmingham, Alabama. It may be served with process through its registered agent Hunter H. Renfroe at 4010 Somerset Ridge, Birmingham, Alabama 35242.

8. This Court has subject-matter jurisdiction over this controversy pursuant to 28 U.S.C. § 1332 because the amount in controversy significantly exceeds the sum of $75,000 and the parties to this action are citizens of different states.

9. Personal jurisdiction and venue are appropriate in this Court because Defendants each agreed that any dispute or litigation arising under their respective agreements with Alamo would be adjudicated in the U.S. District Court for the Western District of Texas.

**FACTUAL BACKGROUND**

10. In 2019, Orchestra, a Birmingham-based commercial real estate development company, partnered with Alabama Power Company to re-develop the Powell Steam Plant property located at 1800 Powell Avenue South, Birmingham, Alabama 35233, a former steam plant owned by Alabama Power Company.

11. The new development was intended to include a variety of retail, restaurant, and entertainment businesses to revitalize the surrounding area.

12. In connection with the re-development of that property, Alamo and BAM, a special purpose entity created by Orchestra, entered into a franchise agreement dated December 31, 2021 (the "Franchise Agreement") in which BAM was granted franchise rights by Alamo, and agreed to open and operate an Alamo Drafthouse Venue (the "Venue") at the Powell Steam Plant (the "Location"). The Franchise Agreement provided that the Venue must be located at the Powell

Steam Plant. *See* the Franchise Agreement at § 1.2 and Attachment B, attached hereto as Exhibit A.

13. The Franchise Agreement recognized that "time is of the essence" and required BAM to, amongst other things, "open the Venue and commence business within three hundred (300) days after [BAM] has obtained possession of the Location." Franchise Agreement, Ex. A at § 2.6.

14. Accordingly, the failure to open within the time frame set forth in § 2.6 was considered an event of default under the Franchise Agreement which gave Alamo the right to terminate the Franchise Agreement "effective immediately upon notice" to BAM without giving BAM "any opportunity to cure the default." *See id.* at § 16.2(d).

15. Orchestra, as the developer of the Powell Steam Plant property and the owner of BAM, also executed an agreement guaranteeing BAM's performance under the Franchise Agreement (the "Corporate Guaranty"). Specifically, it agreed to "guaranty to [Alamo] the prompt payment and enforcement of any and all liabilities and obligations arising under or evidenced by the Franchise Agreement." *See* Corporate Guaranty at A-1, attached hereto as Exhibit B.

16. With the Corporate Guaranty, Orchestra "absolute[ly] and unconditional[ly]" guaranteed BAM's payment and performance of all of its obligations under the Franchise Agreement. *See id.*

17. In February 2022, Alamo Drafthouse Cinemas was announced as the anchor tenant of the Powell Steam Plant re-development project. These announcements included a projected opening date in the Fall of 2023.

18. The announcement of Alamo Drafthouse Cinemas as the anchor tenant garnered significant press as the Venue at Powell Steam Plant was slated to be Alamo's first foray into the State of Alabama.

19. In order to open the Venue, in or about September 2022, BAM executed a lease agreement with Powell Steam Plant, LLC for the premises located at 1800 Powell Avenue South, Unit 100, Birmingham, AL 35223 (the "Premises"). Once the lease was executed, BAM was deemed to have "obtained possession of the Location" for purposes of its performance under the Franchise Agreement. Franchise Agreement, Ex. A at § 2.6.

20. Because Defendants were responsible for all construction and development of the Venue, Alamo relied upon their representations about the progress of the project. Alamo spent considerable time consulting with Defendants regarding layout and design specifications for the Venue. Defendants represented to Alamo that construction was underway and the Venue was on track to open within the time required by the Franchise Agreement.

21. Then, in October 2023, Alamo unexpectedly received noticed from Alabama Power Company that Powell Steam Plant, LLC had terminated BAM's Lease Agreement for the Premises.

22. Subsequently, Orchestra informed Alamo that it no longer intended to construct the Alamo Drafthouse Venue as required by the Franchise Agreement.

23. In response to Orchestra's notification that it did not intend to proceed as required by the Franchise Agreement, Alamo sent a Notice of Default and Termination to Orchestra and BAM dated October 30, 2023 (the "Termination Notice"). In this Notice, Alamo informed both Orchestra and BAM that due to BAM's breaches of § 2.6 and § 16.2(d) of the Franchise Agreement, Alamo was exercising its right to terminate the Franchise Agreement effective immediately and reminded both parties of their continuing obligations under the Franchise Agreement and Corporate Guaranty. *See* Termination Notice, attached hereto as Exhibit C.

24. Alamo also demanded that Orchestra and BAM pay Alamo "all damages, costs and expenses, including reasonable attorneys' fees, incurred by Alamo as a result of" BAM's default

under the Franchise Agreement within thirty (30) days of the Termination Notice. *See* Franchise Agreement, §§ 17.5 and 17.6; *see also* Corporate Guaranty.

25. To date, Alamo has not received any response to its Termination Notice or any payment from either BAM or Orchestra. BAM has refused to honor its obligations under the Franchise Agreement or pay for the damages Alamo has incurred as a result of its breaches. Orchestra has similarly refused to comply with its obligations under the Corporate Guaranty and either ensure BAM's compliance with its obligations under the Franchise Agreement or pay the amounts owed to Alamo by BAM.

### COUNT I
### BREACH OF CONTRACT—THE FRANCHISE AGREEMENT
### (AGAINST BIRMINGHAM ALAMO MOVIES)

26. Alamo respectfully incorporates by reference and re-alleges each of the preceding allegations as if fully set forth herein.

27. The Franchise Agreement is a valid and binding contract, supported by due consideration, enforceable against Defendant BAM, and governed by the laws of the State of Texas.

28. Alamo has fully performed its obligations under the Franchise Agreement.

29. The Franchise Agreement required BAM to open the Alamo Drafthouse Venue in Birmingham, Alabama within three hundred (300) days of entering into the Lease for the Location (*i.e.,* obtaining possession of the premises).

30. As explained in the preceding paragraphs, BAM breached this obligation when it informed Alamo that it had no longer had possession of the premises for the Venue and therefore, did not intend to construct the Venue or open at all, much less within the time frame required by the Franchise Agreement.

31.     As a proximate result of Defendant's breach of contract, Alamo has suffered, and will continue to suffer, damages in an amount to be proven at trial, but, in any event, significantly in excess of the $75,000 amount-in-controversy threshold specified in 28 U.S.C. § 1332.

## COUNT II
### BREACH OF CONTRACT—THE CORPORATE GUARANTY
### (AGAINST ORCHESTRA)

32.     Alamo respectfully incorporates by reference and re-alleges each of the preceding allegations as if fully set forth herein.

33.     The Corporate Guaranty is a valid and binding contract, supported by due consideration, enforceable against Orchestra, and governed by the laws of the State of Texas.

34.     In the Corporate Guaranty, Orchestra unconditionally guaranteed BAM's payment and performance obligations under the Franchise Agreement.

35.     BAM breached its obligations under the Franchise Agreement by failing to open the Venue within three hundred (300) days as expressly required.

36.     Orchestra is unconditionally obligated to pay and perform the obligations of BAM under the Franchise Agreement, but Orchestra has refused and continues to refuse to perform under the Corporate Guaranty.

37.     As a proximate result of Defendant's breach of contract, Alamo has suffered, and will continue to suffer, damages in an amount to be proven at trial, but, in any event, significantly in excess of the $75,000 amount-in-controversy threshold specified in 28 U.S.C. § 1332.

## PRAYER FOR RELIEF

**WHEREFORE**, Alamo respectfully requests that the Court enter an Order:

A.     granting judgment in favor of Alamo on Counts I and II;

B.     awarding Alamo damages in an amount to be proven at trial;

C.     awarding Alamo its expenses of litigation, including attorneys' fees;

    D.    awarding Alamo pre- and post-judgment interest from November 29th to the present; and

    E.    granting such other and further relief as the Court may deem just, proper, and equitable.

Dated this 15th day of December, 2023.

    Respectfully submitted,

DAVIS, CEDILLO & MENDOZA, INC.
755 E. Mulberry Ave., Ste. 250
San Antonio, Texas 78212
Telephone:   210.822.6666
Facsimile:   210.660.3795
Email:        drodgers@lawdcm.com

By: _____
    Derick J. Rodgers
    Texas Bar No. 24002857

and

Morgan E. M. Harrison* | Georgia Bar No. 470983
Lindsey E. Locke* | Georgia Bar No. 37291

ARNALL GOLDEN GREGORY LLP
171 17th Street NW, Suite 2100
Atlanta, Georgia 30363
Tel: 404-873-8148
Morgan.Harrison@agg.com
Lindsey.Locke@agg.com
*Motion for Admission Pro Hac Vice forthcoming

*Attorneys for Plaintiff*